# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5298-17T3

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

K.G.,[1]

      Defendant-Appellant,

and

M.A.,

      Defendant.

_____

IN THE MATTER OF L.A. and M.A.,

      Minors.

_____

Submitted November 7, 2019 – Decided November 15, 2019

---

[1] We use initials and pseudonyms to protect the parties' confidentiality and privacy interests in accordance with Rule 1:38-3(d)(12).

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FN-09-0127-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason Wade Rockwell, Assistant Attorney General, of counsel; Jessica Faustin, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Melissa R. Vance, Assistant Deputy Public Defender, on the brief).

PER CURIAM

Defendant K.G. appeals from a May 16, 2017 fact-finding order determining she abused and neglected her minor children, L.A. (Lisa), born October 21, 2008, and M.A. (Mark), born June 13, 2014. We affirm.

The facts are as follows. On January 10, 2017, the police were called to defendant's residence because of an incident involving defendant and M.A. (Matt). Thirty to forty-five minutes later, the police again were dispatched to defendant's home. Defendant's mother reported defendant was not home and the police began looking for defendant. The officers found defendant walking with

Lisa around 4:30 a.m. on January 10, 2017. [2] Defendant explained she was going to the hospital, located a few miles away in another town, because Lisa had a stomach ache. Because the hospital was not within a short walking distance, the police called for an ambulance to take defendant and Lisa to the hospital.

The Division of Child Protection and Permanency (Division) received a telephone call from a hospital staff member regarding defendant. The staff member reported defendant claimed Matt poisoned her and the children. Defendant admitted herself to the hospital because she was feeling anxious and paranoid. The hospital staff member advised the Division that defendant tested positive for illegal substances.

A Division caseworker went to the hospital to investigate. The caseworker spoke to defendant, Matt, defendant's mother, and Lisa. Lisa told the caseworker that she had an upset stomach but was feeling better. Lisa stated her father had not given her anything that made her feel sick. The child also denied any members of the family used alcohol or drugs.

---

[2] On the date of the incident, there was a court order precluding defendant from having unsupervised contact with the children.

3

When speaking to defendant, the caseworker observed defendant did not maintain eye contact and made jerking movements while lying on the hospital bed. Defendant denied using drugs or alcohol. She also claimed she attempted to find a neighbor to drive her and Lisa to the hospital around 3:30 a.m. Defendant told the caseworker that Matt attempted to poison her but not Lisa.

The Division executed an emergency removal of the children as a result of defendant's admission to the hospital. The children were placed with their paternal great-grandmother.

The Division caseworker again interviewed defendant the day after she was discharged from the hospital. At that time, defendant was more lucid and maintained eye contact with the caseworker.

A few days after the hospital incident, the Division filed a complaint for temporary custody of the children. The trial court held a hearing, and the judge entered an order maintaining custody of the children with the Division and allowing defendant liberal, supervised visitation with her children.

During follow-up interviews with the Division's caseworker, defendant admitted she snorted "mollies" (MDMA or ecstasy) just before she went to the hospital. Defendant also said Matt had not tried to drug or poison her, and she attributed her erratic behavior on January 10 to the "mollies."

4

The judge conducted a fact-finding hearing to determine if defendant and Matt abused or neglected Lisa and Mark. After hearing testimony from a police officer and a Division employee, and reviewing exhibits introduced as evidence, Judge Lois Lipton rendered a comprehensive oral decision, finding defendant abused or neglected Lisa and Mark. Judge Lipton concluded the Division proved by a preponderance of the evidence that defendant neglected her children under N.J.S.A. 9:6-8.21(c). She also found the testimony of the police officer and Division caseworker credible. Judge Lipton stated:

> When [defendant] was with them she was exhibiting behavior . . . which was clear by a preponderance of the evidence that she was not capable of properly supervising those children.
>
> [Defendant] was alone with them contrary to a [c]ourt [o]rder. And . . . that's not a per se active abuse and neglect, but when taken with her behavior in the hospital, her admission that she'd used [m]ollies and where she was at what hour, the hospital being far away in the next town, far enough that the police officer rather than driving her took her the two blocks home and called an ambulance. So I do find by a preponderance of the evidence that [defendant] did, by failing to appropriately supervise those children, did abuse or neglect them by placing them at imminent risk of substantial harm.

On appeal, defendant argues the trial court erred in finding she abused or neglected her children because the Division failed to provide sufficient evidence

A-5298-17T3

in support of that finding. Defendant claims the Division failed to show her behavior constituted more than ordinary negligence and provided no expert testimony to conclude the drugs she took affected her ability to parent.

We accord deference to family court findings, "recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin–Thieme, 227 N.J. 269, 282–83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Findings by a family court are binding on appeal "when supported by adequate, substantial, credible evidence." Id. at 283 (quoting Cesare, 154 N.J. at 411-12).

"Indeed, we defer to family part judges 'unless they are so wide of the mark that our intervention is required to avert an injustice.'" N.J. Div. of Child Prot. & Permanency v. A.B., 231 N.J. 354, 365 (2017) (quoting N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 427 (2012)). A trial judge's findings and credibility determinations receive deference because the trial court can observe the witnesses and "has a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988). A trial court's "legal conclusions are reviewed de novo: when they are unsupported by competent evidence in the record, they will be reversed." N.J.

Div. of Child Prot. & Permanency v. R.W., 438 N.J. Super. 462, 470 (App. Div. 2014) (citing Cesare, 154 N.J. at 412).

Having reviewed the record, and deferring to the judge's well-supported findings of fact and credibility determinations, we agree the Division proved by a preponderance of the evidence that defendant's failure to properly supervise her children exposed them to imminent danger and a substantial risk of harm. We are satisfied that defendant abused or neglected her children for the reasons expressed in Judge Lipton's thorough oral decision.  R. 2:11-3(e)(1)(A).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5298-17T3